**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chris Leopaul KARSSEBOOM,
Defendant–Appellant.**

**No. 88–3011.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1988.

Decided March 31, 1989.

878

Kenneth Lerner, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Ellen F. Rosenblum, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING, TANG and FARRIS, Circuit Judges.

TANG, Circuit Judge:

█ Chris Leopaul Karsseboom appeals his conviction on five counts of wire fraud partly on grounds of violation of the Speedy Trial Act. 18 U.S.C. §§ 3161 et seq. We reverse the conviction below and hold that if a trial court dismisses some but not all counts of an indictment, and a defendant is reindicted on the dismissed counts, the retained count and the superseding indictment both inherit the Speedy Trial Act clock applied to the original indictment.[1]

## I. Background

On April 15, 1987, a grand jury handed down an eight-count indictment charging Karsseboom with one count of mail fraud in violation of 18 U.S.C. § 1341 (Count One), six counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Two through Seven), and one count of counterfeiting foreign obligations in violation of 18 U.S.C. § 478 (Count Eight).

The court set trial for June 9, 1987, and held a conference that day before calling in a jury pool for impaneling. At this pretrial conference, the court expressed concern about an apparent defect in the indictment: it named no victim. Neither the prosecutor nor defense counsel had made a motion to the court regarding the omission of an alleged victim in the indictment.

The court asked each side for its recommendation on how to proceed in light of the facts that seven counts of the eight-count indictment were seemingly defective, that trial was set to commence forthwith, and that a jury pool was ready to be impaneled. The court noted that it had no problem with the eighth count.

The court then recessed and reconvened ninety minutes later. The government, having researched the issue of omitting a named or unknown victim in the indictment, concluded that the indictment was sufficient notwithstanding such an omission and stated that the government was ready for trial.

The court then pressed defense counsel to decide whether to move for a dismissal based on the defective indictment. Counsel equivocated his intentions but the court nonetheless construed counsel's comments as a motion to dismiss. The court then dismissed the first seven counts of the indictment.[2]

1. The term "superseding indictment" refers to a second indictment issued in the absence of a dismissal of the first. The Act does not mention superseding indictments and seemingly assumes that dismissal of the first indictment will precede issuance of the second. See 18 U.S.C. §§ 3161(d)(1) and 3161(h)(6). *United States v. Rojas–Contreras,* 474 U.S. 231, 239–240, 106 S.Ct. 555, 559–560, 88 L.Ed.2d 537 (BLACKMUN, J. concurring).

2. Apparently, the trial court construed defense counsel's comments as a motion to dismiss in order to invoke 18 U.S.C. § 3161(d)(1) which provides that if a trial judge grants a defendant's motion to dismiss, and the government reindicts the defendant on the same offense, the Act's seventy-day clock begins anew. *United States v. Feldman,* 788 F.2d 544, 548 (9th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

The court let the eighth count stand and set trial for the week of July 13, 1987 for the single remaining count. On July 13, 1987, Karsseboom moved for an immediate trial. On July 15, 1987 the government filed a superseding indictment which included the eighth count of the original indictment. Karsseboom was arraigned on August 6, 1987 and entered pleas of not guilty on Counts One through Eight of the superseding indictment. The court reset trial for September 28, 1987. On August 17, 1987, Karsseboom filed a demand for a speedy trial.

Following reassignment on August 28, 1987, another judge again reset the trial date to September 30, 1987. On September 25, 1987, Karsseboom filed a motion to dismiss together with a memorandum of law asserting a violation of the Speedy Trial Act. The district court heard oral arguments on this motion on the day of trial, and dismissed superseding Count Eight, the only count remaining from the original indictment, as violative of the Speedy Trial Act. The court let the seven redacted counts stand.

Karsseboom appealed following his conviction on the redacted counts of the superseding indictment arguing that over 70 days had passed between his first court appearance and his trial.

## II. Analysis
### Standard of Review

We review factual findings concerning the Speedy Trial Act for clear error and questions of law concerning the application of the Act de novo. *United States v. Calabrese,* 825 F.2d 1342, 1347 (9th Cir.1987); *United States v. Feldman,* 788 F.2d 544, 547–48 (9th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

■ The specific question at issue here involves the effect of a partial dismissal on the speedy trial clock, i.e., whether the filing of a superseding indictment impacts on the Act's requirement that a defendant

be brought to trial within 70 days of his first court appearance through counsel or filing of the indictment, whichever date is later. 18 U.S.C. § 3161(c)(1). We hold that the Speedy Trial Act, of which § 3161(c) is a part, does not require that the 70 day speedy trial period be restarted upon the filing of a superseding indictment when the superseding indictment charges ·the same offenses as the original indictment.

■ When an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the 30–day trial preparation period and the 70–day speedy trial time period start over.[3] If the trial court had dismissed all eight counts, then a new seventy-day period within which trial must commence would have started with the filing of the superseding indictment. *Feldman,* 788 F.2d at 547, 48.

The Speedy Trial Act does not address questions concerning the dismissal of several but not all counts within an indictment. Here, the trial court did not dismiss the entire indictment, but rather dismissed only seven of the eight counts. As in *Rojas–Contreras,* discussed below, the reindictment tolling provisions do not apply because the second indictment was issued in the absence of dismissal of the first.

■ The Act does not require that the 30–day trial preparation period of § 3161(c)(2) be restarted upon the filing of a superseding indictment. *United States v. Rojas–Contreras,* 474 U.S. 231, 234–237, 106 S.Ct. 555, 557–559, 88 L.Ed.2d 537. Congress intended the 30–day and 70–day periods to operate in tandem. The structure of the statute suggests that both periods should continue to run upon issuance of a superseding indictment. The Act's comprehensive list of express exclusions suggests that the omission of an excludable period of time between an original and superseding indictment from the 70–day clock reveals a considered judgment on Congress' part that the 70–day clock

---

**3.** 18 U.S.C. § 3161(c)(2) reads:

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the

defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

should not restart upon the filing of a superseding indictment. *Cf. id.* at 240, 106 S.Ct. at 560 (BLACKMUN, J. concurring).

We hold, therefore, that if a trial court dismisses some but not all counts of an indictment, and a defendant is reindicted on the dismissed counts, the retained count and the superseding indictment both inherit the 70–day clock applied to the original indictment. Where, as here, a superseding indictment is used to make a minor correction leaving the charges and the evidence unaffected, the defendant should be brought to trial within the original 70–day period.

In *United States v. Roman*, 822 F.2d 261 (2d Cir.1987), the Second Circuit addressed the issue of whether speedy trial exclusions applicable to an original indictment should apply to a superseding indictment that contains charges which, under double-jeopardy principles, are required to be joined with the original charges. The court in *Roman* concluded that 18 U.S.C. § 3161 should be interpreted to apply the original 70–day clock to the superseding indictment, complete with exclusions. The court based its conclusion on the language of the statute, the Second Circuit Guidelines under the Speedy Trial Act, relevant case law, district courts' speedy trial plans, common sense, and sound policy considerations. *Roman, supra* at 263.

In the instant case, the district court distinguished *Roman* by noting that here only one count of the indictment remained after dismissal whereas in *Roman* the entire original indictment was pending when the superseding indictment was returned.

The government argues that the speedy trial clock began running anew with Karsseboom's arraignment on the superseding indictment, and that *Roman* does not require a different result. Under *Roman*, new charges can be included under the original indictment. Here the government included all charges in the original indictment and hence *Roman* does not apply. It argues that the pendency of one count in the original indictment should not affect the running of the speedy trial clock with respect to other charges which were dis-

missed. However, that argument is invalidated by this court's recognition that Congress intended that "the courts and the government, not the defendant, assume primary responsibility for ensuring that criminal trials proceed expeditiously." *United States v. Pollock*, 726 F.2d 1456, 1464 (9th Cir.1984), *quoted in Feldman*, 788 F.2d at 549.

Here, the dismissal of the eighth count did not change the fact that appellant faced trial following indictment for more than 70 non-excludable days. The eighth count kept the case alive, although the court finally dismissed the eighth count for a Speedy Trial Act violation after the defendant's arraignment on the superseding indictment. The original indictment date controls because the superseding indictment was in effect the same as the original indictment. Arraigning a defendant on April 16, 1987 and trying him for the conduct giving rise to the indictment on September 30, 1987 does not comport with the underlying goal of ensuring that criminal trials proceed expeditiously.

Further, affirming the district court on this issue could result in the following scenario: A defendant successfully moves to dismiss defective counts in an indictment. The government then corrects the defects by redacting the indictment and filing it again as "superseding," thereby starting a new clock, even though the defendant still faces the original remaining counts. Should time run out on the original counts, the redacted counts would stand. This situation would in effect allow the government to bifurcate a criminal case arising from the same facts even though the counts should be joined. Such a result could violate the Sixth Amendment's guarantee that an accused shall enjoy the right to a speedy trial.

■ Therefore, we join the Second Circuit and hold that when an original indictment is pending, subsequent charges filed, and the superseding indictment contains an "offense required to be joined with an originally charged offense", the offenses contained in the superseding indictment shall inherit the 70–day time clock of the original

indictment. *Roman,* 822 F.2d at 263–64,[4] (quoting 18 U.S.C. § 3161(h)(6)).

In view of this holding, we need not consider the other grounds for appeal. The judgment of convictions are

REVERSED and VACATED.

---

**4.** Other circuits agree that "(t)he superseding indictment does not affect the running of the time on … charges that were in the original indictment as well as the superseding indictment." *United States v. Thomas,* 788 F.2d 1250, 1258 (7th Cir.1986) (citing *United States v. Rush,* 738 F.2d 497, 510–511 (1st Cir.1984)). "(A) su-

perseding indictment which merely embellishes an earlier charge, or which makes only technical changes … will not reset the speedy trial clock." *United States v. Savage,* 863 F.2d 595, 598 (8th Cir.1988) (citing *United States v. Napolitano,* 761 F.2d 135 (2nd Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985)).