UNITED STATES of America, Appellee,

v.

Clarence R. MARSHALL, Appellant.

No. 90–3183.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 1, 1991.

Decided June 11, 1991.

Mary E. Davis with whom Christopher M. Davis, (appointed by the court), was on the brief, Washington, D.C., for appellant.

Frederick W. Yette, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black and Sharon A. Sprague, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before SENTELLE, THOMAS and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

HENDERSON, Circuit Judge:

Clarence Marshall appeals his conviction on two narcotics charges asserting that the district court erred in (1) excluding transcripts of prior inconsistent statements by a police witness and refusing to instruct the jurors that those statements could be considered as substantive evidence and (2) denying Marshall's motion to dismiss the second count of a superseding indictment for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* We find neither of these grounds meritorious and, accordingly, affirm Marshall's conviction.

I.

The testimony of Officer Mark Stone of the District of Columbia Metropolitan Police Department reveals the following facts on which Marshall's conviction was based.

On November 1, 1989, while passing Gage–Eckington Elementary School in Washington, D.C., Stone observed a crowd of people in a courtyard across the street from the school and, "believ[ing] there was possibility [sic] of narcotics transactions going on over there," entered the school to speak with the principal. With the principal's permission, he set up an observation post in the school's music room which commanded a clear view of the courtyard. When he first looked out from that position, Stone saw "people mingling around the courtyard" and observed Marshall counting money while sitting on the trunk of a green car surrounded by several young males. According to Stone, he watched the area for approximately 30 minutes and observed what he believed to be several drug transactions conducted in the following manner. First, an automobile pulled alongside Marshall and the driver spoke with him, then drove on out of Stone's sight. As each car passed on, Marshall sent one of the young males, whom Stone characterized as "runners," after it and signalled the youth by holding up one or two fingers. After a short time, the runner returned to Marshall and delivered a sum of money to him. Marshall then counted the money and signalled to another runner who entered the green car, removed an object and headed toward the other automobile. Stone also testified he observed one of the runners carry a plastic bag from the green car to another vehicle and return with a plastic bag full of white objects which the runner showed Marshall and which, at Marshall's nod, he then placed in the green car. Stone also stated he saw Marshall take money from two women who approached him at different times and that, in return, Marshall handed the first woman one of several white objects he removed from his pocket and shook something Stone could not identify into the hand of the second woman.

Based on his observations, Stone called for additional police units and, after being joined by two other officers, approached Marshall to arrest him. During an initial patdown, the officers discovered $246 which they seized as evidence. Stone then directed one of the other officers to investigate the green car and, as the officer approached it, Stone heard Marshall say: "Those drugs in the car are not mine." Trial Tr. I 46. A subsequent search of the car yielded a bag containing 80 packets of cocaine base or "crack." In addition, when the officers searched Marshall's person, a plastic bag containing crack fell from one of his pockets.

On November 30, 1989, Marshall was indicted on one count of possession with intent to distribute five or more grams of crack, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iii), and one count of distributing cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a) and 845a. On April 10, 1990, for his lawyer's convenience, Marshall waived his statutory right to a speedy trial on those charges, agreeing to a trial date of May 29, 1990, two days after the speedy trial deadline. On May 29, 1990, a superseding indictment was filed, in which the second count was amended to charge possession of crack with intent to distribute within 1,000 feet of a public school. On May 30, 1990, Marshall moved to dismiss the second count of the superseding indictment for violation of the Speedy Trial Act. The district court denied the motion and a trial followed. On June 4, 1990, the jury found Marshall guilty on both counts of the superseding indictment and on August 10, 1990, he was sentenced to concurrent seventy-eight month sentences on the two counts, to be followed by concurrent supervised release terms of four years on the first count and eight years on the second count.

Marshall appeals his conviction on both counts of the superseding indictment on the ground that the district court erroneously excluded transcripts of inconsistent pretrial statements by Stone and refused to instruct the jurors that they could consider those statements as substantive evidence. In addition, Marshall appeals his conviction on count two on the ground that the district court erred in denying his motion to dismiss that count for violation of the

Speedy Trial Act. We address each ground separately.

## II.

First, Marshall challenges the district court's trial rulings regarding prior inconsistent statements by Stone. Marshall alleges that Stone's testimony at trial contradicted certain statements he made during earlier proceedings in that (1) at trial, Stone testified the police recovered 80 bags containing a total of 11.3 grams, while he testified at the suppression hearing that there were 83 bags and at the preliminary hearing that they contained a total of 23 grams of crack;[1] (2) at trial, Stone said Marshall was assisted by four young black male runners, while at the preliminary hearing he stated there were one female and three male runners and (3) at trial Stone testified he saw the runners "participate in" eight or nine sales, while at the preliminary hearing he reported that he did not "personally observe" any sales by the runners. Marshall further contends the trial court erred in (1) excluding from evidence the transcripts of the inconsistent statements from the preliminary hearing and (2) refusing to instruct the jurors they could consider those statements as substantive evidence. We find no error in the challenged rulings.

■ First, we conclude the court acted properly in excluding the transcript evidence. There is some authority supporting Marshall's position that a trial court must admit extrinsic evidence of prior inconsistent statements regarding material issues. *See Gordon v. United States*, 344 U.S. 414, 417–21, 73 S.Ct. 369, 372–74, 97 L.Ed. 447 (1953);[2] *Williams v. United States*, 403 F.2d 176, 178–79 (D.C.Cir.1968).[3] Nevertheless, we do not believe the statements at issue here can be so characterized. First, Stone's statements regarding the runners' participation in or conduct of narcotics sales were not inconsistent. Considered as a whole, his testimony at each proceeding was that he had seen the runners engage in conduct which he considered to be facilitating drug transactions, whether or not he thought he had personally observed them selling narcotics. As for the remaining statements, because neither the amount or weight of the crack nor the gender or number of the runners was a material disputed issue at trial, they pertained to collateral matters and admission of the transcripts as to them was neither necessary nor proper. *See Gordon*, 344 U.S. at 421, 73 S.Ct. at

---

**1.** Marshall also asserts that at the suppression hearing Stone testified inconsistently that there were "about 83 grams." The district court, however, found that was not an inconsistent statement but "manifestly either a slip of the tongue or, if [the court reporter] will forgive me, a reporter's error." Trial Tr. III 8. Because this finding was not an abuse of the court's discretion, it must be accepted as true here. *See Grunewald v. United States*, 353 U.S. 391, 423, 77 S.Ct. 963, 983, 1 L.Ed.2d 931 (1957) ("whether a prior statement is sufficiently inconsistent to be allowed to go to the jury on the question of credibility is usually within the discretion of the trial judge"); *Gordan v. United States*, 313 F.2d 582 (D.C.Cir.1962), *cert. denied*, 374 U.S. 839, 83 S.Ct. 1890, 10 L.Ed.2d 1060 (1963). In addition, we note that at the time of that finding Marshall's lawyer conceded, "In all candor, I can't argue with the court on that one," Trial Tr. III 8–9, and that he later added, "I think that was a slip of the tongue," Trial Tr. IV at 4.

**2.** In *Gordon*, the United States Supreme Court stated:

We think that an admission that a contradiction is contained in a writing should not bar admission of the document itself in evidence, providing it meets all other requirements of admissibility and no valid claim of privilege is raised against it. The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description and this is no less true as to the extent and circumstances of a contradiction. We hold that the accused is entitled to the application of that rule, not merely because it will emphasize the contradiction to the jury, but because it will best inform them as to the document's impeaching weight and significance.

344 U.S. at 420–21, 73 S.Ct. at 374 (footnotes omitted).

**3.** In *Williams*, this court concluded: "The best evidence of any contradiction which might impeach [the witness's] credibility was the prior statement itself. That statement should have been admitted into evidence." 403 F.2d at 178–79.

374 ("Traditional rules of admissibility prevent opening the door to documents which merely differ on immaterial matters.").[4] Accordingly, we affirm the trial court's exclusion of the transcript evidence.

■ We also find no error in the court's refusal to charge the jurors, as Marshall requested, that they could consider the prior inconsistent statements as substantive evidence. In arguing that the trial judge erred, Marshall cites authority that a limiting instruction must be given when evidence is admissible only for a limited purpose[5] but he offers no authority for the contrary position he now urges, namely, that an "unlimiting" instruction is required when the permissible use of evidence is not so restricted. In the absence of supporting authority, we believe such a rule to be unnecessary, as the circumstances here demonstrate. The district court expressly instructed the jurors they were to consider all the evidence presented, and only that evidence[6] and, in addition, that they should resolve any inconsistencies they perceived therein:

> You alone are to determine whether to believe any witness and how much of any witness's testimony should be believed. If there is conflict in the testimony, you must determine where the truth lies.

> •  •  •  •  •

> Inconsistencies or differences in the testimony of a witness or between the testimony of different witnesses may or

may not cause you to disbelieve such testimony.

> •  •  •  •  •

> You may consider whether a witness has been contradicted or corroborated by other credible evidence.

Trial Tr. IV 92–93. In the absence of a specific limiting instruction to the contrary, these instructions adequately apprised the jurors that they could consider Stone's inconsistent statements as substantive evidence so that there was no need for the additional instruction Marshall requested.

### III.

Next, we consider Marshall's Speedy Trial Act challenge. Marshall was originally indicted on November 30, 1989. Under the Speedy Trial Act, he was guaranteed a trial within seventy days of that date, excluding certain specified periods. *See* 18 U.S.C. § 3161(c)(1), (h); *United States v. Wilson,* 835 F.2d 1440, 1441 (D.C.Cir.1987); *United States v. Bittle,* 699 F.2d 1201, 1203 (D.C. Cir.1983). On November 30, 1990, the morning of trial, Marshall moved to dismiss the second count of the superseding indictment pursuant to 18 U.S.C. § 3162(a), asserting that the speedy trial period for that count ran from the first indictment and had therefore already elapsed. Marshall further contended that his April 10, 1990, speedy trial waiver applied only to the charges pending at that time, namely, those alleged in the original indictment,

---

**4.** In any event, given Stone's admission that he made the earlier statements, the insignificance of the alleged inconsistencies and the thorough exploitation of them by Marshall's lawyer during cross-examination and closing argument, any error in excluding the transcripts "was not so prejudicial as to require reversal." *Williams,* 403 F.2d at 179; *see also United States v. Smith,* 521 F.2d 957, 969–70 (D.C.Cir.1975) (exclusion of documents containing prior inconsistent statements concerning a robbery "would not cause appellant sufficient prejudice to warrant reversal" where "any inconsistency ... was far less important than the persuasiveness [of the witness's trial testimony] and certainty [of his in-court identification]" and where, "[m]ore importantly, the contents of the documents were fully aired and argued to the jury").

**5.** *United States v. McClain,* 440 F.2d 241 (D.C. Cir.1971).

**6.** The court charged:

> During the course of the trial you received all of the evidence you may properly consider to decide the case. Your decision in this case must be made solely on the evidence presented at the trial.

> Do not be concerned with whether evidence is direct evidence or circumstantial evidence. You should consider all of the evidence that was properly admitted in the case.

Trial Tr. IV 89.

■■■■■■■■

and therefore did not waive his speedy trial right on the new charge in the superseding indictment which was not filed until May 29, 1990. The government responded that the seventy-day period for the new count commenced on May 29, 1990, the day the superseding indictment was returned, and that, in any event, Marshall had waived his speedy trial right on both counts by his April 10, 1990, waiver. The district court denied the motion to dismiss and Marshall now appeals that ruling asserting the same grounds raised below. We find his reasoning unpersuasive.

■■■■ As a general rule, the filing of a superseding indictment does not affect the speedy trial timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges. *United States v. Rojas–Contreras*, 474 U.S. 231, 239–40, 106 S.Ct. 555, 559–60, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring); *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991); *United States v. Karsseboom*, 881 F.2d 604, 606 (9th Cir.1989); *United States v. Roman*, 822 F.2d 261, 263 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987); *United States v. Thomas*, 788 F.2d 1250, 1258 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986); *United States v. Novak*, 715 F.2d 810, 819 (3d Cir.1983), *cert. denied sub nom. Ware v. United States*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984); Local Rule 306, D.D.C., § 8(d)(2); *see also United States v. Long*, 900 F.2d 1270, 1275 & n. 4 (8th Cir.1990). Thus, if the second count in Marshall's superseding indictment is one which is re-quired to be joined for the purpose of double jeopardy with the charges in the first indictment, then he is correct in asserting that the seventy-day speedy trial period for that second count began to run with the filing of the first indictment. It does not follow, however, that Marshall's speedy trial right was violated. Assuming, as Marshall asserts, that the original speedy trial period applies to the new charge because it is one requiring double jeopardy joinder, we see no reason why his waiver extending that period should not likewise attach to the new charge.[7] *Cf. Roman*, 822 F.2d at 263 and *Novak*, 715 F.2d at 813 (both concluding that when a charge in a superseding indictment must be tried within seventy days of the original indictment, time excluded from that period on the original indictment is likewise excludable on the superseding indictment).[8] Construing the waiver to apply to the new charge seems particularly appropriate where, as here, circumstances indicate the defendant would have expressly waived his speedy trial right on the new charge had it been pending at the time of the waiver.[9]

For the preceding reasons, Marshall's conviction is

*Affirmed.*

---

**7.** If, conversely, the charge in the second count was not one required to be joined with the charges in the first indictment, then the speedy trial clock for that count did not begin to run until May 29, 1990, and the trial was commenced well within the required time.

**8.** The *Novak* court observed: "The appellant cannot have it both ways: if the Speedy Trial clock starts to run with the filing of the original indictment, it must stop for excludable delays pertaining to that indictment." 715 F.2d at 813.

**9.** The record suggests no causal relationship between Marshall's waiver and the particular offenses charged in the first indictment. The waiver seems to have been prompted solely by Marshall's desire to accommodate his lawyer's schedule.