**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio McKAY, Reginald Housley,**
**Defendants–Appellants.**

**No. 91–4200.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1994.

---

William Fuente, Tampa, FL, for McKay.

Timothy A. Freeland, Sarasota, FL, for Housley.

Jay L. Hoffer and Karla R. Spaulding, Asst. U.S. Attys., Tampa, FL, for appellee.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

While defendants challenge their convictions on many fronts, defendant McKay argues mainly that his conviction violated the time restrictions set forth in the Speedy Trial Act (the "Act"). We affirm.

I.

Defendants Housley and McKay were first indicted in February 1991. The indictment charged defendants with conspiracy to possess cocaine with intent to distribute, possession with intent to distribute, and using a firearm in a drug trafficking crime. In April 1991, at a status conference held before magistrate Judge Jenkins, the government announced that it would seek a superseding indictment and requested a trial date in June 1991.

In May 1991, a superseding indictment was returned. In addition to the three original charges, defendants were charged with witness tampering, witness retaliation, and using a firearm during a crime of violence. Housley was also charged with possession of a firearm by a convicted felon. In June 1991, at a status conference before Judge Hodges, the trial was set for the July calendar. Defendants did not argue that setting the trial on the July calendar would lead to a violation of the Act. Instead, defense counsel agreed to the July trial date.

Defendants' were tried in July 1991, before Judge Edenfield. The court denied McKay's motion to dismiss for a violation of the Act's time limits. The court ruled *nunc pro tunc* that, when Judge Hodges moved the trial off the June calendar, he must have decided that the delay served the ends of justice. Two days later, McKay was convicted on three counts, and Housley was convicted on four (each was acquitted on three counts). McKay appeals the denial of his motion to dismiss.[1]

II.

The Act requires that a defendant's trial must start within seventy days from either the filing date of the indictment or the date of the defendant's initial appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act permits exclusions to the accumulation of Speedy Trial Act days, however. 18 U.S.C. § 3161(h). The issue in this case is whether two periods were excludable.

A. *The Superseding Indictment*

McKay argues that the period between the filing of the superseding indictment and his arraignment on that indictment should not have been excluded. We disagree. By statute, the following period of delay is excludable:

> If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h)(6). Thus, the Act permits the exclusion of time between the *dismissal* of an indictment and the subsequent

---

1. Defendants raise other issues in this appeal. They present no reversible errors.

indictment or appearance before a judge on the new charge (whichever is later).

■ We think the filing of the superseding indictment in this case, even though it was not accompanied by a motion to dismiss the original indictment, triggers an exclusion under section 3161(h)(6). Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment; so, both events should be treated equally under the Act.

In *United States v. Roman*, 822 F.2d 261 (2nd Cir.1987), the Second Circuit reached a similar conclusion. The *Roman* court closely analogized superseding indictments to instances when a second indictment is filed following the dismissal of a related, earlier indictment. The court rejected defendant's argument that the charge first appearing in a superseding indictment should not be subject to the same exclusions that applied to the original charges:

> [T]he statute provides that when reindictment follows dismissal the exclusions of time allowed under the first indictment continue to apply. We can discern no logical reason to apply a different rule to a superseding indictment simply because it is filed sooner, while the first indictment is still pending.

*Id.* at 264. The *Roman* court decided only that exclusions applying to charges in an original indictment carry over to charges filed in a superseding indictment. But, advised by the *Roman* opinion, we believe the clock runs like this when a superseding indictment with new charges is filed: the Speedy Trial Act clock stops and is not restarted until defendant's appearance before the judge on the new charges.

B. *The "Ends of Justice" Exclusion*

■ At trial, Judge Edenfield determined *nunc pro tunc* that Judge Hodges' decision to extend the trial into July, beyond the 70-day limit under the Act, served the "ends of justice," and thus tolled the Speedy Trial Act clock until trial. 18 U.S.C. § 3161(h)(8). Judge Hodges did not make explicit findings to justify keeping the trial on the July calendar—as a reviewing court, we encourage district judges to make "ends of justice" find-

ings, *see United States v. Vasser*, 916 F.2d 624, 627 (11th Cir.1990)—but our review of the record reveals that Judge Hodges' decision did serve the ends of justice. *See id.* ("the court need not enunciate its findings when it grants the continuance so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance").

When Judge Hodges, at the June status conference, asked whether defendants were ready for trial, McKay's counsel responded, "yes, we're ready, except for the fact that there is still some discovery which I've requested which hasn't been received...." The court then entertained discussion about unmet discovery requests, ordering the government to turn over certain evidence. Again, defendant made no objection to the trial date. Under these circumstances, we conclude that Judge Hodges' decision served the ends of justice.

Defendants' convictions are AFFIRMED.