[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13626

_____

D.C. Docket No. 06-00225-CR-5-KOB-JEO

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FREDDIE DALE YOUNG,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 27, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER,[*] District
Judge.

BARKETT, Circuit Judge:

_____

[*] Honorable Harvey E. Schlesinger, Senior United States District Judge for the Middle
District of Florida, sitting by designation.

Freddie Dale Young appeals from his conviction for possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d), and from his sentence of imprisonment for ninety-seven months for (1) possessing an unregistered silencer, 26 U.S.C. § 5861(d); (2) conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; (3) manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and (4) possessing a firearm as an unlawful user of or addict to a controlled substance, in violation of 18 U.S.C. § 922(g)(3).  On appeal, Young argues that the count charging possession of an unregistered silencer should have been dismissed pursuant to the Speedy Trial Act, that the district court erred in enhancing his sentence pursuant to the U.S. Sentencing Guidelines, and that his sentence is unreasonable.

Young was originally arraigned on a one-count indictment for possessing an unregistered silencer.  Approximately two months later, a federal grand jury returned a five-count superseding indictment against Young, which included four counts in addition to the first count charged in the original indictment.[1]  From the face of the superseding indictment, the additional charges relate to a conspiracy to manufacture methamphetamine and are unrelated to the original charge for possession of an unregistered silencer.  Several days before trial, Young moved the

---

[1] The date of the alleged offense was changed by one day in the superseding indictment.

district court to dismiss the first count of the superseding indictment, arguing that more than seventy non-excludable days had passed since his original indictment on the charge, and that he had therefore been denied a speedy trial. The district court denied Young's motion and proceeded to trial. Young now appeals from the denial of his claim under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174, and we review his claim de novo. United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006). The government concedes that more than seventy non-excludable days passed between the original indictment and trial, but argues that the filing of the superseding indictment for other charges against Young reset the speedy-trial clock with respect to the first count, which was contained in the original indictment. We hold that the filing of the superseding indictment did not reset the clock as to this charge.

The Speedy Trial Act requires that criminal defendants be tried within seventy days of the later of indictment or arraignment. 18 U.S.C. § 3161(c)(1). Certain periods of time are excluded from the calculation, however, such as any period of delay "resulting from other proceedings concerning the defendant," id. § 3161(h)(1), or resulting from a continuance granted by the judge to serve the "ends of justice," id. § 3161(h)(8)(A). The consequences for failure to try a defendant within seventy non-excludable days are severe, and include dismissal

3

with prejudice of the charges against the defendant. Id. § 3162(a)(2). Although the Speedy Trial Act does not speak to whether the filing of a superseding indictment resets the speedy-trial clock with respect to charges contained in previous indictments, the language of a particular exclusion under the Act is instructive.

Section 3161(h)(6) provides that the time between the dismissal of an indictment and any subsequent charge for the same offense, or any offense required to be joined with that offense, is excluded from the speedy-trial calculation. Thus, if the government indicts a defendant for a particular crime, dismisses that charge, and indicts the defendant once again for the same offense, the speedy-trial calculation begins with the initial indictment or arraignment but excludes the time between the dismissal and subsequent re-indictment. Under this provision, if the original indictment filed against Young had been dismissed and a new indictment filed on the same day, his speedy-trial clock would have concededly run. The government implicitly argues, however, that there is a difference between the filing of a superseding indictment, which is at issue here, and the dismissal of an indictment followed by a new indictment. That distinction is the only basis for the government's contention that § 3161(h)(6) does not apply. But we rejected that distinction in United States v. McKay, wherein we stated

4

explicitly that "[f]iling a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment; so both events should be treated equally under the Act." 30 F.3d 1418, 1420 (11th Cir. 1994).

Therefore, neither the filing of a superseding indictment, nor the dismissal of an original indictment followed by the filing of a new indictment, resets the speedy-trial clock. Indeed, the exclusion of the period of time between the dismissal of an indictment and the filing of a new indictment under § 3161(h)(6), as well as the Speedy Trial Act more generally, would make little sense if the government could reset the speedy-trial clock at will and effectively "circumvent[] the speedy trial guarantee through the simple expedient of obtaining superseding indictments with minor corrections." United States v. Bermea, 30 F.3d 1539, 1567 (5th Cir. 1994).

This concern underlies the conclusions of our sister circuits that have likewise held that the filing of a superseding indictment does not reset the speedy-trial clock for offenses charged, or required to be joined with those charged, in the original indictment. See, e.g., United States v. Novak, 715 F.2d 810, 819 (3d Cir. 1983) ("[W]henever the court determines from the face of the indictment that a superseding indictment charges an offense that is the same as, or required to be joined with, an offense charged in the original indictment within the meaning of

5

subsection (h)(6) and the Double Jeopardy Clause, trial on that offense must commence within the time limitation for trial applicable to the original indictment"); United States v. Thomas, 788 F.2d 1250, 1258 (7th Cir. 1986) ("The superseding indictment does not affect the running of the time on the three charges that were in the original indictment as well as the superseding indictment."); United States v. Roman, 822 F.2d 261, 263–64 (2d Cir. 1987) ("We can see no logical reason to apply a different rule to a superseding indictment simply because it is filed sooner, while the first indictment is still pending."); United States v. Long, 900 F.2d 1270, 1275 n.4 (8th Cir. 1990) ("Because the Act does not re-start the 70 day clock when an indictment is dismissed and a second returned, but merely tolls the time between dismissal of the first and arraignment on the second, 18 U.S.C. § 3161(d)(1), it would make no sense to re-start the clock upon the return of a superseding indictment without dismissal of the first."); United States v. Marshall, 935 F.2d 1298, 1302 (D.C. Cir. 1991) ("As a general rule, the filing of a superseding indictment does not affect the speedy trial timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges."); United States v. Gonzalez, 897 F.2d 1312, 1316 (5th Cir. 1990) ("The filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required

6

under double jeopardy principles to be joined with the original offenses."); United States v. Daychild, 357 F.3d 1082, 1091 n.10 (9th Cir. 2004) ("The clock's start time in this case is unaffected by the superseding indictments."); see also United States v. Rojas-Contreras, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring) ("[I]t would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment.").[2]

We note that this result is consistent with our holding in United States v. Puett, 735 F.2d 1331 (11th Cir. 1984), to which the government draws our attention. In Puett, we considered "whether the time elapsing between the dismissal of the initial complaint and return of the indictment should be included for purposes of compliance with [the Speedy Trial Act]." Id. at 1333 (emphasis added). We found the issue to be governed by § 3161(d)(1), which generally provides that the speedy-trial clock is reset following either: (1) the dismissal of "any indictment or information . . . upon motion of the defendant," or (2) the dismissal or abandonment of "any charge contained in a complaint." 18 U.S.C. § 3161(d)(1) (emphasis added). We summarized that "[t]he better construction of

_____

[2] At oral argument, the government cited the Fifth Circuit's opinion in United States v. Parker, 505 F.3d 323, 327 (5th Cir. 2007), as limiting the principle that superseding indictments do not reset the speedy-trial clock for charges contained in the original indictment. We do not find that aspect of the holding in Parker sufficiently persuasive as to overcome the conclusion we adopt above. Nor do we find it applicable to this case, which involves a superseding indictment that added charges entirely unrelated to the original count of possession of an unregistered silencer.

section 3161(d)(1) is that after the dismissal of the complaint, the [Speedy Trial] Act's time limits run anew from the date of filing of the subsequent complaint or indictment." Puett, 735 F.2d at 1333–34.

This holding, however, has no bearing on our consideration of how the government's dismissal, or effective dismissal, of an indictment affects the speedy-trial calculation. In Puett, we buttressed our holding concerning the proper interpretation of § 3161(d)(1) with reference to United States v. Bittle, wherein the D.C. Circuit began a similar discussion with the following clarification: "Section 3161(d)(1), rather than section 3161(h)(6), is applicable when a complaint, as distinguished from an indictment, is dismissed by the government and an indictment is later filed."[3] 699 F.2d 1201, 1205 (D.C. Cir. 1983) (emphasis added). Here, where we are concerned with the dismissal, or effective dismissal, of an indictment by the government, it is § 3161(h)(6) that is applicable.[4]

_____

[3] A complaint is "[a] formal charge accusing a person of an offense," whereas an indictment is a "formal written accusation of a crime, made by a grand jury and presented to a court for prosecution against the accused person." Black's Law Dictionary 303, 788 (8th ed. 2004).

[4] Notwithstanding Puett's carefully worded holding and the distinction between § 3161(d)(1) and § 3161(h)(6), we later referred to Puett as holding that "the government's dismissal of [a defendant's] original indictment, and the subsequent . . . indictment, triggered a new seventy-day time period." United States v. West, 142 F.3d 1408, 1412 (11th Cir. 1998). Fortunately for our purposes, we need not attempt to reconcile this apparent misreading with Puett itself, as the decision in West was vacated by the Supreme Court. West v. United States, 526 U.S. 1155 (1999).

8

Accordingly, we reverse the district court's denial of Young's motion to dismiss the charge against him for possession of an unregistered silencer, vacate Young's conviction on that count, and remand to the district court to consider the appropriate form of the dismissal of the count. See 18 U.S.C. § 3162(a)(2) (requiring courts to consider several factors in determining whether to dismiss charges with or without prejudice). This ruling does not affect Young's convictions on the remaining counts.

Young's challenges to his sentence are now moot, as the district court considered Young's convictions together for the purposes of sentencing. Therefore, we also remand for resentencing.

**REVERSED and REMANDED.**