UNITED STATES of America,
Plaintiff–Appellee,

v.

Refugio GONZALES,
Defendant–Appellant.

No. 89–2035.

United States Court of Appeals,
Fifth Circuit.

March 27, 1990.

Rehearing Denied May 11, 1990.

---

James S. Dougherty, Houston, Tex. (court appointed), for defendant-appellant.

Paula C. Offenhauser, U.S. Atty., James L. Turner, Asst. U.S. Atty., and Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, and THORNBERRY and JONES, Circuit Judges.

CLARK, Chief Judge:

## I.

Refugio Gonzales (Gonzales) was convicted of four offenses relating to loan transactions involving federally insured banks. 18 U.S.C. §§ 2(a), 371, 1005, 1014, and 1344(a)(2). Gonzales appeals his conviction, contending that his trial did not begin within the seventy-day time limit provided by the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3174 (the Act). *Id.* § 3161(c)(1). We affirm.

## II.

Gonzales served on the board of directors of the Harris County Bank—Airport, N.A., Houston, Texas (HCB), a federally insured institution. During 1985 and 1986, Gonzales conspired with HCB's president to cause HCB to issue unauthorized letters of credit to two other federally insured banks as collateral for personal loans to Gonzales. The letters of credit were subsequently issued without the knowledge or approval of HCB's other directors. Gonzales also made false representations to the lender banks to induce them to make the loans.

### A. The Original Indictment.

On June 17, 1987, a federal grand jury indicted Gonzales on one count of conspiracy to cause the unauthorized issuance of letters of credit by a federally insured bank, 18 U.S.C. § 371, and two counts of aiding and abetting the unauthorized issuance of bills of exchange by a federally insured bank, id. §§ 2(a), 1005. Gonzales was arraigned the same day and pleaded not guilty to each count.

On July 2, 1987, Gonzales filed a Motion to Substitute Counsel, which was granted on July 13 by a United States magistrate. On July 23, Gonzales filed a Motion for a New Docket Control Order, stating that he needed more time to prepare adequately for trial. The magistrate granted the order on July 28, and Gonzales' trial was rescheduled for October 19. On August 24, Gonzales filed five additional pretrial motions.

On October 20, 1987, the district court construed Gonzales' Motion for a New Docket Control Order as a motion for a continuance and ordered an exclusion of time for Speedy Trial Act purposes from August 27, 1987 to the date of trial. The court indicated that failure to grant the continuance would result in a "miscarriage of justice" and therefore "that the ends of justice served by taking [the] action outweigh[ed] the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8).

On November 2, 1987, the district court directed the government to respond within twenty days to Gonzales' five pending pretrial motions. The court also rescheduled Gonzales' trial for January 11, 1988. On November 16, 1987, the government responded to Gonzales' motions as directed and also filed a Motion In Limine.

### B. The Superseding Indictment.

On December 14, 1987, the grand jury returned a superseding indictment which made technical changes in the original indictment but otherwise retained the same charges against Gonzales. Gonzales was arraigned on the superseding indictment on December 21 and pleaded not guilty. On December 23, the government filed a Motion for Reciprocal Discovery. Six days later, Gonzales filed a Motion for Extension of Time to file additional pretrial motions. The magistrate granted Gonzales' motion for an extension on January 6, 1988. On January 23, Gonzales filed a Motion to Dismiss for Defects in the Superseding Indictment.

On February 4, 1988, Gonzales responded to the government's Motion In Limine and the government's Motion for Reciprocal Discovery. On February 9, Gonzales amended his motion to dismiss. That same day, the magistrate ruled on all pending motions except Gonzales' motion to dismiss and one item in Gonzales' motion for discovery. On March 24, Gonzales filed four additional pretrial motions, including a Motion to Dismiss for Lack of a Speedy Trial.

### C. The Second Superseding Indictment.

On March 25, 1988, the grand jury returned a second superseding indictment which retained the original charges and added four new counts: fraudulent use of interstate commerce in the offer or sale of a security, 15 U.S.C. §§ 77q(a), 77x, fraudulent acquisition of funds of a federally insured bank, 18 U.S.C. § 1344(a)(2), and two counts of making false statements to a federally insured bank, 18 U.S.C. § 1014. Gonzales was arraigned on April 7, 1988 and pleaded not guilty to all counts.

Neither Gonzales nor the government filed any new pretrial motions until October 10, 1988, when Gonzales reurged various of his prior motions and filed a Supplemental Motion to Dismiss for Lack of a Speedy Trial. Gonzales also filed several other new motions. On October 14, the district court disposed of all pending motions except Gonzales' motion to dismiss for lack of a speedy trial. The district court heard oral arguments on that motion on October 24. The court denied the motion, concluding that there was sufficient excludable time based on the pretrial motions to bring Gonzales' trial within the Act's seventy-day time limit. *See* 18 U.S.C. § 3161(h)(1)(F). Gonzales' trial began that same day.

A jury convicted Gonzales on four counts: (1) aiding and abetting and conspiracy to cause the issuance of an unauthorized letter of credit by a federally insured bank, 18 U.S.C. §§ 2(a), 371, 1005; (2) causing the issuance of an unauthorized letter of credit by a federally insured bank, *id.* § 1005; (3) fraudulent acquisition of funds of a federally insured bank, *id.* § 1344(a)(2); and (4) making a false statement to a federally insured bank, *id.* § 1014. The first two counts of conviction appeared in the original indictment, while the remaining two counts had been added to the second superseding indictment.

The sole issue on appeal is whether Gonzales' trial began within the seventy-day time limit provided by the Act. Because pretrial motions provided sufficient excludable time to bring Gonzales' trial within the Act's seventy-day time limit, we affirm.

### III.

The Speedy Trial Act is designed to ensure a federal criminal defendant's sixth amendment right to a speedy trial and to reduce the danger to the public from prolonged periods of the defendant's release on bail. *United States v. Mize,* 820 F.2d 118, 121 (5th Cir.), *cert. denied,* 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987); H.R.Rep. No. 390, 96th Cong., 1st Sess. 2–3, *reprinted in* 1979 U.S.Code Cong. & Admin.News 805, 806–07. The Act requires the government to commence the defendant's trial within seventy days from the filing of the indictment "or from the date the defendant has appeared before a judicial officer of the court in which [the] charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

The Act excludes certain periods of delay for purposes of calculating the seventy-day time limit. *See* 18 U.S.C. § 3161(h). Section 3161(h)(1)(F) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Such time is automatically excludable. *See United States v. Horton,* 705 F.2d 1414, 1416 (5th Cir.1983), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1984).

In the present case, the district court disavowed any reliance on its order of October 20, 1987 excluding all time from August 27, 1987 until the date of trial to bring Gonzales' trial within the seventy-day time limit. The court determined instead that pretrial motions excluded sufficient time to satisfy the seventy-day time limit. We agree.

Gonzales was first indicted and arraigned on June 17, 1987. His trial began on October 24, 1988, a total of 495 days later. A period of 11 days between July 2 and July 13, 1987 is excludable because of Gonzales' Motion to Substitute Counsel.

An additional period of at least 5 days is excludable between July 23 and July 28 because of Gonzales' Motion for a New Docket Control Order. A period of 427 days between August 24, 1987 and the date of trial is excludable because various pretrial motions were pending throughout the entire period. The remaining non-excludable time totals 52 days, a period well within the seventy-day time limit.

■ Gonzales argues that the charges against him should have been dismissed prior to the filing of the second superseding indictment because the delay in the government's response to, and the district court's ruling on, the various pretrial motions was unreasonably long. He claims the delays resulted from court congestion, a reason unavailable under the Act. *See* 18 U.S.C. § 3161(h)(8)(C). We disagree.

The United States Supreme Court explicitly rejected these arguments in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). In *Henderson*, the Court ruled that delays resulting from pending pretrial motions need not be reasonable to be excluded under section 3161(h)(1)(F). The Court noted that the exception applies to "[a]ny period of delay ... resulting from any pretrial motion...." 18 U.S.C. § 3161(h)(1)(F) (emphasis added); *Henderson*, 476 U.S. at 326–27, 106 S.Ct. at 1874–75. While court congestion is not a valid reason under the Act for granting an "ends of justice" continuance under section 3161(h)(8)(C), this limitation does not apply to exclusions for pretrial motions under section 3161(h)(1)(F). *See* 18 U.S.C. §§ 3161(h)(1)(F), 3161(h)(8)(C).

■ The Act's sole express limitation on delays resulting from pretrial motions is that section 3161(h)(1)(J) allows the district court a maximum of 30 days to rule on the motions once they are taken under advisement. "If [a] motion does not require a hearing, the 30 day limit of § 3161(h)(1)(J) applies." *United States v. Santoyo*, 890 F.2d 726, 727 (5th Cir.1989). No violation of section 3161(h)(1)(J) appears on this record. Absent a showing that Gonzales attempted unsuccessfully to obtain hearings on the pretrial motions or that hearings were "deliberately refused with intent to evade the Speedy Trial Act," the delays resulting from the motions are fully excludable. *United States v. Welch*, 810 F.2d 485, 488, (5th Cir.), *cert. denied*, 484 U.S. 955, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987).

■ Gonzales next argues that he was tried in violation of the Act because more than seventy days elapsed from the date of his arraignment on the second superseding indictment until the date he first filed motions in response to that indictment. He contends that the speedy-trial "clock" begins anew for each superseding indictment and that motions pending prior to the filing of the superseding indictment do not toll the running of the clock. Gonzales argues alternatively that such is the result at least for the new charges contained in the second superseding indictment. We disagree.

■ The filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses. The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy-trial exclusions apply as if no superseding indictment had been returned. *United States v. Roman*, 822 F.2d 261, 263–64 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987); *United States v. Thomas*, 788 F.2d 1250, 1258 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986); *see also* 18 U.S.C. § 3161(h)(6); *United States v. Karsseboom*, 881 F.2d 604, 607 (9th Cir.1989). This rule prevents the government from circumventing the speedy-trial guarantee by restarting the speedy-trial clock by obtaining superseding indictments with minor corrections.

■ We need not reach the issue of whether a new speedy-trial clock begins for new offenses charged in a superseding indictment, when the indictment retains some of the original charges. The motions pending on the original charges toll the running

of the speedy-trial clock for the new charges, regardless of when the clock begins to run for the new charges. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (F). Unless the district court has ruled that the superseding indictment moots the pending motions, the motions continue to toll the speedy-trial clock for both the original and the new charges. *See United States v. Wirsing,* 867 F.2d 1227, 1231 (9th Cir.1989).

In this case, several pretrial motions were still pending on the first superseding indictment when Gonzales was arraigned on the second superseding indictment. Among these were Gonzales' Motion to Dismiss for Lack of a Speedy Trial and other motions which the district court later denied or determined to be moot. The period of time between Gonzales' arraignment on the second superseding indictment and the court's rulings on these motions was therefore properly excluded under section 3161(h)(1)(F). We conclude that Gonzales' trial began within the seventy-day time limit provided by the Act.

### IV.

The judgment of conviction is AFFIRMED.