**UNITED STATES of America, Plaintiff,**

v.

**Gorislav VLAHOV, Defendant.**

**No. CR 94–20064 JW.**

United States District Court,
N.D. California,
San Jose Division.

April 4, 1995.

Steven R. Manchester, Manchester & Williams, San Jose, CA.

D. Anthony West, Asst. U.S. Atty., San Jose, CA, for the U.S.

*SCHEDULING ORDER AND DETERMINATION OF EFFECT OF SUPERSEDING INDICTMENT UNDER THE SPEEDY TRIAL ACT*

WARE, District Judge.

## I. INTRODUCTION

This case raises the issue of whether the filing of a superseding indictment affects the time for bringing the case to trial under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* ("the Act"). On March 8, 1995, the Court conducted a Trial Setting Conference in this case. The Court found that 56 days had elapsed for purposes of the Act. At the conference, the Government notified the Court that on March 7, 1995 a superseding indictment had been issued against the Defendant which added new charges based on the same facts and circumstances involved in the original indictment. The superseding indictment also incorporated the charge involved in the original indictment. At the conference, the Government represented that a new 70–day trial clock begins upon the filing of the superseding indictment and requested that the matter be set for trial on April 24, 1995. The Government and Defendant represented that this additional time was necessary to prepare for trial given the new changes.

For the reasons set forth below, the Court finds that the 70–day period does not restart on the filing of a superseding indictment. However, the Court finds that good cause exists for allowing additional time beyond the 70–day period for the trial of this case.

## II. BACKGROUND

On June 3, 1994, Defendant Gorislav Vlahov ("Vlahov"), doing business as G.V. Engineering, allegedly entered into an agreement with Seagate Magnetics ("Seagate") to rent 28 Exclusive Design Corporation Texture Machines ("EDC machines") and component parts for a period of six months at a cost of $84,000 per month.[1] All 28 EDC machines were to be returned to Seagate at the conclusion of the rental period.

Earlier, on May 27, 1994, Vlahov allegedly had entered into an agreement with Akashic Memories Corporation ("Akashic"), for the sale of 20 EDC machines and component equipment. Akashic had given Vlahov a down payment in the amount of $280,000.

On June 8, 1994, representatives of Akashic met with Vlahov and agreed to purchase two additional EDC machines bringing the total to 22. On June 10, 1994, Vlahov allegedly delivered 12 of the EDC machines to Akashic, and on June 13, 1994, Akashic allegedly wired the remaining balance of $336,000 to an attorney in Croatia on behalf of Vlahov. On June 14, 1994, Vlahov delivered the remaining ten machines to Akashic.

On June 21, 1994, Vlahov allegedly notified Akashic that it was necessary to remove the serial numbers from all of the EDC machines because "somebody" was after him, and the next day, Vlahov allegedly entered Akashic's building and proceeded to remove the serial numbers himself. On June 22, 1994, an attorney for Seagate notified Akashic that all of the machines that Vlahov had sold to it were the property of Seagate and that they were not for sale. On June 23, 1994, a representative of Akashic confronted Vlahov about the problem and was told by Vlahov that he was closing his corporation and moving to Croatia within the next two weeks.

Furthermore, in response to Vlahov's allegedly illegal conduct of selling the EDC machines, on June 20, 1994, Seagate sought and received a Writ of Possession stating that Seagate had legal possession of the 28 EDC machines that Vlahov had rented.

On September 7, 1994, Vlahov was indicted on one count of Interstate Transportation of Monies Obtained by Fraud and Aiding and Abetting in violation of 18 U.S.C. §§ 2314 and 2. On September 8, 1994, Vlahov was arraigned and pled not guilty. The case was set for trial within 70 days of the arraignment taking into account various exclusions.

On March 7, 1995, the grand jury returned a superseding indictment which added four new charges based on the same facts and circumstances involved in the original indictment. Vlahov was indicted on three counts of Money Laundering pursuant 18 U.S.C. § 1957. The money laundering charges involve the deposit of monies in amounts of over $10,000 obtained by fraud in three different banks. Vlahov was also charged with one count of Criminal Forfeiture pursuant to 21 U.S.C. § 853. The superseding indictment retained the original charge of Interstate Transportation of Monies Obtained by Fraud and Aiding and Abetting pursuant to 18 U.S.C. §§ 2314 and 2. Vlahov was arraigned at a previously scheduled Trial Setting Conference on March 8, 1995, where he waived a formal reading of the indictment. Vlahov pled not guilty to all five counts set forth in the superseding indictment. At that time, the Government represented that the filing of a superseding indictment restarts the 70–day period within which trial must begin.

## III. DISCUSSION

■ The Act is designed to ensure a federal criminal defendant's Sixth Amendment right to a speedy trial and to reduce the danger to the public from prolonged periods of the defendant's release on bail. *United States v. Gonzales,* 897 F.2d 1312, 1315 (5th Cir.1990). To this end, the Act entitles a criminal defendant to dismissal of the

1. The recitation of allegations is summarized from the affidavit of Arthur S. Ware, special agent of the Federal Bureau of Investigation, attached as part of the criminal complaint.

charges pending against him if he is not brought to trial within 70 days of his initial appearance or indictment, whichever date last occurs. *Id.* In computing the running of this 70–day period, the Act permits certain periods of time to be excluded. *Id.* However, the Act does not specifically provide for exclusions of time based upon the filing of a superseding indictment.[2] Nor does the Act provide for a restarting of the 70–day period when a superseding indictment is filed.

Although the Supreme Court and the Ninth Circuit have not addressed the issue of what happens when a superseding indictment involving new charges is filed, the Fifth Circuit Court of Appeals has found "[t]he filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double-jeopardy principles to be joined with the original offenses." *United States v. Gonzales,* 897 F.2d 1312, 1316 (5th Cir.1990). The Fifth Circuit Court continued: "The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy-trial exclusions apply as if no superseding indictment has been returned." *Id.*

■ While the facts in *Gonzales* involved a superseding indictment which only made minor changes to the original indictment, the Court adopts this interpretation to apply to the facts of the present case. The Court finds that, under the Act, the filing of a superseding indictment which adds new charges to the original indictment does not restart the 70–day trial period and that the 70–day period continues to run from the date of the original indictment. This finding is consistent with the Ninth Circuit's approach on related issues.

In *United States v. Karsseboom,* 881 F.2d 604 (9th Cir.1989), the Ninth Circuit Court of Appeals held "when a superseding indictment merely corrects technical errors but charges again the same offenses the 70–day clock continues and does not begin anew unless the

original indictment in its entirety has been previously dismissed." *Id.* at 607.

■ In *United States v. Hoslett,* 998 F.2d 648 (9th Cir.1993), the Ninth Circuit held that the dismissal of an indictment only tolls the running of the 70–day period until a new indictment is filed. *Id.* at 658. The reason for this rule is that if the 70–day period began anew, the government could circumvent the limitations of the Act by repeatedly dismissing and refiling charges against a defendant. *Id.* at 658 n. 12. This rationale also applies when a superseding indictment is filed. In explaining the difference between a reindictment and a superseding indictment, the *Hoslett* Court stated that "[w]hile a superseding indictment requires a rearraignment, it does not create a new case with its own, independent identity." *Id.* Because the superseding indictment does not have a separate identity from the original indictment, the 70–day period continues to run unless the court grants an exclusion of time on some other basis pursuant to the Act. Any other reading of the statute would allow the Government to circumvent the intent of the Act. Having decided that the 70–day period does not restart, the Court will nevertheless grant an exclusion in computing the time within which the trial of the offense must begin. The Court treats the Government's motion to set a trial date as a motion to continue. Since no objection was made by Defendant, the Court grants the motion to continue. In addition, the Court makes a finding of complexity pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), based on the filing of the superseding indictment which added four new charges.

### IV. CONCLUSION

Accordingly, the Court orders as follows:

A Preliminary Pretrial Conference and hearing on any dispositive motions shall take place on April 5, 1995 at 9:00 a.m.

A Final Pretrial Conference shall take place on April 12, 1995 at 9:00 a.m.

---

**2.** The term "superseding indictment" refers to a second indictment issued in the absence of a dismissal of the first. *United States v. Rojas-*

*Contreras,* 474 U.S. 231, 237, 106 S.Ct. 555, 559, 88 L.Ed.2d 537 (1985) (BLACKMUN, J. concurring).

Trial shall commence on April 24, 1995 at 9:00 a.m. The time from March 8, 1995 to April 24, 1995 is excluded from the 70–day period under the Act because the Court finds that the ends of justice served by excluding this period of time outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

IT IS SO ORDERED.

