**UNITED STATES of America**

v.

**Trinity HOWARD and Samuel Ferguson, Defendants.**

**Criminal Action No. 3:99CR112.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 18, 1999.

Assistant U.S. Atty., Michael Wallace, U.S. Attorney's Office, Richmond, VA, for U.S.

John Paul Gregorio, Morrissey, Hershner & Jacobs, Wayne Roy Morgan, Jr., Richmond, VA, for Defendants.

### MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on defendant Howard's motion to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., in which defendant Ferguson joined during the hearing on August 12, 1999. For reasons stated herein, the Court grants in part and denies in part the motion to dismiss the pending indictment.

### Relevant Facts

Defendants Howard and Ferguson were arrested on state drug and gun charges on December 11, 1998. They were released pending trial that same day. The state dismissed the charges against defendant Howard on March 10, 1999. It then nolle prossed the charges against defendant Ferguson on March 23, 1999.[1]

The defendants were indicted on federal drug and gun charges on April 7, 1999. The charges resulted from the same conduct as the state charges. Defendant Ferguson was brought before the United States Magistrate Judge for an initial appearance on April 21, 1999.[2] He was detained and a detention hearing was scheduled for April 26, 1999. At the detention hearing, the Court found that the defendant had not rebutted the presumption established by a finding that there was probable cause to believe that the defendant had committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841. Accordingly, defendant Ferguson was remanded to custody. Defendant Howard was arrested on May 3, 1999 and an initial appearance was held that same day. The detention hearing was held on May 6 at which time the Court found that defendant Howard had likewise not rebutted the presumption. He was also remanded to custody. Both defendants were arraigned on May 13 and the indictment was unsealed on that day. At the arraignment, a jury trial was scheduled for July 19, 1999. On July 16, three days before the trial was scheduled to begin, defendant Howard filed a motion in limine to exclude evidence presented by certain witnesses.[3]

On the morning trial was scheduled to begin, the government requested a continuance. The government stated as follows:

Your Honor, as of earlier this morning, I talked with the United States Marshal's Service. One of the witnesses that the government has subpoenaed is not here. His name is Leroy Clemens, Federal Prisoner. According to the jail, at the time that a writ was issued for his appearance, he was shown to be in Northen Neck, Virginia, delivered there. We find out this morning from Kevin of the United States Marshal's Service he is in Beckley, West Virginia. He is not available at all to be a witness, and he is a vital witness to the government in this case. Therefore, Your Honor, we request a continuance on behalf of the government.[4]

---

1. This information comes from United States Pretrial Services files.

2. The Court's record does not reflect the date upon which defendant Ferguson was arrested.

3. This motion, along with all pending motions, was terminated as moot by Order dated July 19.

4. In its response to the motion to dismiss, the government states that there were actually two witnesses who were not present on the

The Court denied the motion for a continuance and told the government's attorney that it had the option to either nolle prosse the case and reindict or go to trial. The government then moved to nolle prosse the case and the Court granted that motion. The Court entered an Order granting the motion of the United States to dismiss the indictment against these defendants without prejudice and terminating all pending motions as moot. However, before the defendants were released from the custody of the United States Marshal, criminal complaints were filed against each defendant. Arrest warrants were issued, and the defendants were never released. Initial appearances were held on the same day, July 19, and the defendants were remanded to custody, pending detention hearings.

On July 20, a pleading styled "Superseding Indictment" was returned against the defendants. The government gave it the same case number as the original indictment. This indictment is very similar to the first. Both indictments contain the same charges in Counts One through Five:

- Count One charges both defendants with possession with the intent to distribute a controlled substance—crack cocaine—in violation of Title 21 U.S.C. § 841 and Title 18 U.S.C. § 2.
- Count Two charges both defendants with possession of a controlled substance—crack cocaine—in violation of Title 21 U.S.C. § 844 and Title 18 U.S.C. § 2.
- Count Three charges both defendants with possession with the intent to distribute a controlled substance—heroin—in violation of Title 21 U.S.C. § 841 and Title 18 U.S.C. § 2.
- Count Four charges both defendants with possession of a controlled substance—heroin—in violation of Title 21 U.S.C. § 844 and Title 18 U.S.C. § 2.

- Count Five charges both defendants with the possession of a firearm during and in relation to a drug trafficking crime, in violation of Title 18 U.S.C. §§ 2 and 924(c).

Counts Six and Seven of the first indictment charged both defendants with possession of a firearm and ammunition by unlawful users of a controlled substance, in violation of Title 18 U.S.C. §§ 2 and 922(g)(3). Counts Six and Seven of the "superseding indictment" charge only defendant Ferguson with these offenses.

Count Eight of the first indictment was a forfeiture charge. It has been replaced by an identical Count Ten in the "superseding indictment."

Counts Eight and Nine of the "superseding indictment" are new charges. These counts charge both defendants with possession of a firearm and ammunition by felon, in violation of Title 18 U.S.C. § 922(g)(1).

All references to time in both indictments refer to events that occurred on or about December 11, 1998.

### Legal Analysis

■ On August 3, 1999, defendant Howard filed a motion to dismiss based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., ("the Act"). Defendant Ferguson joined in the motion on August 12. Both defendants allege that the government has violated the Act and argue that the charges pending against them must be dismissed, with prejudice.

The Act provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall

---

morning of trial, despite their having been subpoenaed by the government, Leroy Clement and Angela Thornton. The government argues that because the witnesses were absent or unavailable, a period of delay should be excludable. Subsection 3161(h)(3) addresses

such a situation. Unfortunately for the government, the statute requires that the government show that it exercised "due diligence" in obtaining the presence of these witnesses. This the government has not shown.

commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). These defendants were arraigned and the indictment was unsealed on May 13, 1999. Therefore, the seventy-day period begins on that date. The deadline, if there were no excludable periods, would be July 22, 1999. However, pursuant to section 3161(h), certain periods of delay are excluded in computing the time within which a trial must commence. These include any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). Accordingly, defendant Howard's pretrial motion, filed on July 16, stopped the clock until July 19.

██ There are several other subsections that are relevant to the issues at hand. Subsection (d)(1) provides:

If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1). Under this subsection, "[w]hen an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the 30-

day and 70-day periods run anew." *United States v. Rojas–Contreras,* 474 U.S. 231, 239, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985)(J. Blackmun, concurring).

Subsection 3161(h)(6) provides that the following period of delay shall be excluded:

If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h)(6). Therefore, this subsection excludes the time between the dismissal by the government of the first indictment or information and the date the time would start to run on the subsequent charge, had there been no previous charge. Since the subsection specifically *excludes* the time in between the two charges, it is implicit that the other time periods are *included.* The United States Supreme Court apparently shares this view. In *Rojas–Contreras,* Justice Blackmun explicitly contrasts subsection (h)(6) with subsection (d)(1). "In contrast, however, when an indictment is dismissed on motion of the Government, and the defendant is thereafter reindicted, both the 30–day and 70–day periods continue to run from the first indictment, with the proviso that the period during which no indictment is outstanding is excluded from the 70–day calculation." 474 U.S. at 239, 106 S.Ct. 555.

The United States Court of Appeals for the Fifth Circuit recently examined this issue as well. In *United States v. Alford,* 142 F.3d 825 (5th Cir.1998), the Court held that:

[t]he filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with

the original offenses. The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy-trial exclusions apply as if no superseding indictment had been returned. This rule prevents the government from circumventing the speedy-trial guarantee by restarting the speedy-trial clock by obtaining superseding indictments with minor corrections.

142 F.3d at 829 (quoting *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir. 1990)). In *Alford*, the Fifth Circuit also specifically held that as to the new offenses charged in the superseding indictment [that the double jeopardy clause would not require the government to join with the original charges], the speedy-trial clock begins to run anew. *Id.*

This was also the intent of Congress and was supported by the Judicial Conference of the United States in its *Guidelines to the Administration of the Speedy Trial Act of 1974, as amended* (1984). In discussing subsection (h)(6), the *Guidelines* quote the Senate Commentary from S. Rept. 93–1021, p. 38 (1974) which provides that "when the Government dismisses charges only the time between when the Government dismisses charges to when it reindicts is excluded from the [70]-day time limit." *Guidelines*, p. 55. The Senate Report goes on to give the following example: "[I]f the Government decides 50 days after indictment to dismiss charges against the defendant, then waits six months and reindicts the defendant for the same offense, the Government only has

10[5] days in which to be ready for trial." *Id.*

Justice Blackmun's concurring opinion in *Rojas–Contreras* is also helpful because it addresses the issue of a superseding indictment. "The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first."[6] *Id.* at 237, 106 S.Ct. 555. In the case of a superseding indictment, Justice Blackmun states that neither subsection (h)(6) nor subsection (d)(1) apply because the second indictment was issued in absence of dismissal of the first. *Id.* at 239, 106 S.Ct. 555. However, he concludes that in light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart either the 30–day or 70–day period whenever there is a superseding indictment. Therefore, regardless of whether the second indictment in this case is "superseding" or not, it appears that the 70–day time period does not restart when there is a second indictment that results from government action.[7]

Applying these rules to the matter at hand, the Court notes that from the day the defendants were initially arraigned, May 13, time ran under the Act until July 16, the date defendant Howard filed a motion in limine. Thus, sixty-four (64) days had passed. On July 19, the Court granted the government's motion dismissing the indictment against these defendants and terminated all pending motions as moot. On that same day, the defendants were charged in criminal complaints and were, in effect, rearrested. Under subsection (h)(6), the exclusion that the subsection provides for the time period

---

5. At the time the *Guidelines* were last revised, the time period was 60 days rather than 70.

6. In this case, there was a dismissal of the first indictment. However, before the government's motion to dismiss was granted by the Court's Order, the government had filed criminal complaints against the defendants. Thus, when the second indictment was issued, the criminal complaints were already pending. Under these facts, the Court finds the second indictment to be a "superseding indictment."

7. Although the government cites several opinions from circuit courts of appeal in which the courts held that the time limits run anew with the issuance of a subsequent indictment, *see e.g. United States v. May*, 771 F.2d 980 (1985)(decided prior to the Supreme Court's decision in *Rojas–Contreras*), the Court finds that the reasoning of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit and the language of the statute compel a different result.

between dismissal and the subsequent charge ends with the rearrest. *See Guidelines* at 56 ("Hence, if the defendant is rearrested on the charge before the superseding indictment is filed, the (h)(6) exclusion will end with the rearrest and the period to trial will be running again.") Accordingly, the 70–day time period began running again on July 19. Since sixty-four days had already passed, the government had only six days to commence defendant's trial. Therefore, the trial should have commenced no later than July 26. Trial did not occur on or prior to that date. Accordingly, the counts in the subsequent indictment that were also in the original indictment, Counts One through Seven, must be dismissed. Defendants' motion to dismiss will be granted as to those counts.

■ Counts Eight and Nine appear only in the current indictment. However, the charges in these counts result from the same criminal episode as the original counts. Given the comprehensive nature of the first indictment and the information available to the government at the time of the first indictment, there is no apparent reason the first indictment could not have included what are currently Counts Eight and Nine. In general, the government includes all known charges against a defendant in the first indictment. Such a practice serves justice by conserving judicial resources, avoiding multiple trials that embrace the same factual scenario, and protecting our citizens from multiple prosecutions resulting from the same criminal episode or conduct. Despite the government's failure to follow this better practice, the Court agrees with the well-reasoned opinion of the Fifth Circuit in *Alford* and finds that the 70–day period has not yet run as to Counts Eight and Nine. Accordingly, Counts Eight and Nine will not be dismissed. Count Ten, the forfeiture count, will not be dismissed to the extent that it applies to Counts Eight and Nine.

■ The final issue is whether the dismissal of Counts One through Seven is with or without prejudice. Section 3162 addresses sanctions. Section 3162(a)(2) provides:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant .... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors; the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The Court agrees that these are serious offenses. However, the Court also notes that these cases have historically been prosecuted in the state system[8], which has different speedy trial rules. In fact, these defendants were initially charged in the state system, but the charges were dismissed prior to trial, approximately three months after the defendants were arrested. As noted above, the defendants were on bond during the pendency of the state case. Accordingly, the fact that they were not brought to trial quickly was not such a hardship on them or their families. However, since they were arrested on the federal charges, the defendants have been in federal custody.[9] As such, the Speedy Trial Act's requirement that defendants be brought to trial within seventy days is especially critical.

---

8. This case appears to have been brought under Project Exile, which the Court examined at length in the case, *United States v. Chad R. Jones*, 36 F.Supp.2d 304 (E.D.Va. 1999).

9. Given the rebuttable presumption that exists when defendants are charged with offenses such as these, it is very difficult for a defendant to rebut the presumption and be released pending trial. *See* Title 18 U.S.C. § 3142.

The Court ascribes no bad motive to the government in seeking a continuance on the morning of trial or moving to nolle prosse the indictment. However, the Court does find that the government, in preparing its case for trial, did not exercise due diligence in verifying the whereabouts of its essential witnesses prior to the morning of trial. Accordingly, the circumstances that led to the dismissal were clearly the responsibility of the government.

Defendants Ferguson and Howard have been incarcerated since April 21 and May 3, respectively, approximately four months. The Court finds that a reprosecution of Counts One through Seven in the federal system would negatively impact the administration of justice and the Speedy Trial Act.

For these reasons, the Court will dismiss Counts One through Seven with prejudice.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on the defendants' motions to dismiss. For reasons stated in the accompanying Memorandum Opinion, the Court GRANTS in part and DENIES in part the motions and DISMISSES WITH PREJUDICE Counts One through Seven.

It is so ORDERED.